UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAIRYLAND PRODUCE, LLC t/a HARDIE'S AUSTIN
HARDIE'S DALLAS, AND HARDIE'S HOUSTON

                        Plaintiff,

Case No.

- against -

CGHU INVESTMENTS, INC. t/a EDIBLE
ARRANGEMENTS, URI GEVA, CHRISTOPHER
CLARK, and HALEY CLARK

                        Defendants.

_____/

## COMPLAINT

Plaintiff Dairyland Produce, LLC t/a Hardie's Austin, Hardie's Dallas, and Hardie's Houston ("Plaintiff" or "Hardie's"), by undersigned counsel, as and for its Complaint against Defendants, CGHU Investments, Inc. t/a Edible Arrangements ("CGHU"), Uri Geva ("Geva"), Christopher Clark ("C. Clark"), and Haley Clark ("H. Clark") (collectively, "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2.     Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District and Plaintiff's claims arose in this District.

### PARTIES

3.     Plaintiff is a Delaware limited liability company with its principal place of business in New Bedford, Massachusetts and branches in Houston, Texas, Austin, Texas, and Dallas, Texas

engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant CGHU is a Texas corporation with its principal place of business in Bryan, Texas which operates Edible Arrangement locations and is engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times operating as a dealer subject to licensure under the provisions of PACA.

5. Defendant Geva is and was an officer, director, shareholder, and/or manager of CGHU during the period of time in question who controlled the operations of CGHU and was in a position of control over the PACA trust assets belonging to Plaintiff.

6. Defendant C. Clark is and was an officer, director, shareholder, and/or manager of CGHU during the period of time in question who controlled the operations of CGHU and was in a position of control over the PACA trust assets belonging to Plaintiff.

7. Defendant H. Clark is and was an officer, director, shareholder, and/or manager of CGHU during the period of time in question who controlled the operations of CGHU and was in a position of control over the PACA trust assets belonging to Plaintiff.

**GENERAL ALLEGATIONS**

8. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

9. In calendar year 2022, Defendant CGHU purchased in excess of $230,000.00 worth of produce.

10. Defendant CGHU purchased wholesale quantities of produce in a day, defined as 2,000 pounds, including but not limited to its produce purchases made on February 3, 2023.

11. Between June 21, 2023 and September 23, 2023, Plaintiff, in interstate commerce or contemplation thereof, sold to Defendant CGHU and delivered to its Edible Arrangement locations, wholesale quantities of produce worth the principal amount of $128,957.90, and an additional $37,978.78 in other goods, for a total principal amount of $166,936.68, all of which remains due and owing.

12. Defendants received all of the produce and other goods but have failed to pay for the produce when payment was due, despite repeated demands and their promises to pay.

13. Defendant Geva has informed Plaintiff that Defendant CGHU is struggling financially, having cash flow problems, is selling its locations, and wants to pay Plaintiff but some sales proceeds will be paid to its bank.

14. Plaintiff issued invoices to Defendants for each of the shipments at issue.

15. Each of the invoices contained the following language:

The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

16. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

17. Plaintiff preserved its interest in the PACA trust in the amount of $128,957.90 and remains a beneficiary until full payment is made for the produce.

18. Defendants have not disputed the debt in any way.

19. Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets as demonstrated by Defendants' failure to pay despite repeated promises to do so, statements that it is struggling financially and having cash flow problems, and its intentions to sell Defendant CGHU's Edible Arrangement business operations and pay its bank without ensuring that Plaintiff receives its PACA trust assets.

## **AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Injunctive Relief)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $128,957.90 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

22. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against all Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

23. Plaintiff requests entry of a preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## **AS AND FOR A SECOND CAUSE OF ACTION AGAINST CGHU**
(Failure to Maintain Statutory Trust)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. CGHU received all of the produce on which this action is based.

26. CGHU has failed to pay Plaintiff in full for the produce that it received from Plaintiff.

27. CGHU has failed to hold the produce and its proceeds in trust so that they are freely available to pay Plaintiff as required by law.

28. CGHU has failed to maintain the PACA trust.

29. As a direct and proximate result of CGHU's failure to maintain the PACA trust, Plaintiff has incurred damages in the amount of $128,957.90, plus interest from the date the Plaintiff's invoices became past due, costs, and attorneys' fees.

30. As a further result of CGHU's above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

31. Plaintiff requests entry of judgment against CGHU in the amount of $128,957.90 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CGHU
(Failure to Make Prompt Payment of Trust Funds)

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 31 above as if fully set forth herein.

33. CGHU received all of the produce on which this action is based.

34. CGHU has failed and refused to pay for the produce within the period required by 7 C.F.R. § 46.2(aa)(5).

35. As a direct and proximate result of CGHU's failure to pay promptly, Plaintiff has incurred damages in the amount of $128,957.90, plus interest from the date the Plaintiff's invoices became past due, costs, and attorneys' fees.

36. As a further result of CGHU's above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

37. Plaintiff requests entry of judgment against CGHU in the amount of $128,957.90 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST GEVA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

38. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39. Defendant Geva is an officer, director, shareholder, and/or manager of CGHU who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

40. Defendant Geva failed to direct CGHU to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

41. Defendant Geva's failure to direct CGHU to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

42. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST C. CLARK
(Unlawful Dissipation of Trust Assets by a Corporate Official)

43. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44. Defendant C. Clark is an officer, director, shareholder, and/or manager of CGHU who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

45. Defendant C. Clark failed to direct CGHU to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

46. Defendant C. Clark's failure to direct CGHU to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

47. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST H. CLARK**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

48. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 47 above as if fully set forth herein.

49. Defendant H. Clark is an officer, director, shareholder, and/or manager of CGHU who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

50. Defendant H. Clark failed to direct CGHU to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

51. Defendant H. Clark's failure to direct CGHU to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

52. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST CGHU**
(Breach of Contract – Failure to Pay for Goods Sold)

53. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54. CGHU received and accepted the goods from Plaintiff.

55. CGHU received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

56. Plaintiff's invoices to CGHU constitute valid and enforceable agreements between the parties.

57. CGHU breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

58. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

59. As a direct and proximate of CGHU breach of contract, Plaintiff has suffered damages in the amount of $166,936.68, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

60. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 59 above as if fully set forth herein.

61. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest

and attorneys' fees incurred to collect any balance due from Defendants.

62. As a result of Defendants' continued failure to make full payment promptly in the amount of $166,936.68, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual obligations and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

63. Plaintiff seeks reimbursement for its reasonable and necessary attorneys' fees and costs expended in the prosecution of this action pursuant to PACA and Chapter 38 of the Texas Civil Practice and Remedies Code.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, a preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B. On the second cause of action, an order enforcing payment from the PACA trust by requiring immediate payment by CGHU of the amount of $128,957.90, plus pre-judgment interest and attorneys' fees, to Plaintiff;

C. On the third cause of action, an order enforcing payment from the PACA trust by requiring immediate payment by CGHU of the amount of $128,957.90, plus pre-judgment interest and attorneys' fees, to Plaintiff;

D. On the fourth cause of action, judgment against Geva in the amount of 128,957.90, plus interest, costs, and attorneys' fees;

E. On the fifth cause of action, judgment against C. Clark in the amount of 128,957.90, plus interest, costs, and attorneys' fees;

  F. On the sixth cause of action, judgment against H. Clark in the amount of 128,957.90, plus interest, costs, and attorneys' fees;

  G. On the seventh cause of action, judgment against Defendant CGHU for its breach of contract and failure to pay for goods sold in the amount of $166,936.68, plus interest, costs, and attorneys' fees;

  H. On the eighth cause of action, judgment in favor of Plaintiff and against Defendants, jointly and severally, for pre-judgment interest, costs and reasonable and necessary attorneys' fees pursuant to PACA and Chapter 38 of the Texas Civil Practice and Remedies Code; and

  I. Such other and further relief, general and special, legal and equitable, to which the Plaintiff may be justly entitled.

Dated:  October 26, 2023.

            Respectfully submitted,

            WALKER WILCOX MATOUSEK LLP

            /s/ *Tony L. Draper*
            Tony L. Draper
            Texas State Bar No. 00798156
            Charles B. Walther
            Texas State Bar No. 24005125
            1001 McKinney St., Suite 2000
            Houston, Texas 77002
            Telephone: (713) 343-6556
            Facsimile: (713) 343-6571
            tdraper@walkerwilcox.com
            bwalther@walkerwilcox.com

            and

McCARRON & DIESS
Kate Ellis, Esq.
4530 Wisconsin Avenue, NW
Suite 301
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731/ fax
kellis@mccarronlaw.com
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*
